**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| IN RE:<br><br>MV REALTY PBC, LLC, *et al.*,<br><br>    Debtors. | CASE NO. 23-17590-EPK<br><br>CHAPTER 11<br><br>(Jointly Administered) |
| MV REALTY PBC, LLC, a Florida limited liability company, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA DEPARTMENT OF LEGAL AFFAIRS, *et al.*,<br><br>    Defendants. | ADV. NO. 23-01211-EPK |

***EMERGENCY* JOINT MOTION TO ABATE**
**ADVERSARY PROCEEDING WITH RESPECT TO DEFENDANT**
**STATE OF INDIANA**

> **An emergency hearing is requested, since the Plaintiffs and Indiana wish to avoid any unnecessary fees and costs in the event of a settlement. Furthermore, the evidentiary hearing on the Plaintiffs' request for a preliminary injunction is less than one month away and, therefore, the parties wish to avoid the incremental time in preparing.**

MV Realty PBC, LLC, a Florida limited liability company ("PBC FL"), MV Realty Holdings, LLC, a Florida limited liability company ("Holdings"), MV Realty PBC, LLC, a Pennsylvania limited liability company ("PBC PA"), MV Realty New Jersey, LLC, a New Jersey limited liability company ("MV NJ"), MV Realty Ohio, LLC, an Ohio limited liability company

("MV OH"), MV Realty North Carolina, LLC, a North Carolina limited liability company ("MV NC"), MV of Massachusetts, LLC, a Massachusetts limited liability company ("MV MA"), MV Realty Indiana, LLC, an Indiana limited liability company ("MV IN"), and MV Realty Illinois, LLC, an Illinois limited liability company ("MV IL" and collectively with PBC PA, Holdings, MV NJ, MV OH, MV NC, MV MA, and MV IN, the "Plaintiffs"), and the State of Indiana ("Indiana" and collectively with the Plaintiffs, the "Parties"), by and through their respective undersigned counsel, file this *Emergency Joint Motion to Abate Adversary Proceeding with Respect to Defendant State of Indiana* (the "Motion"), and state as follows:

## BACKGROUND

1. On September 22, 2023 (the "Petition Date"), each of the Plaintiffs filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. Each of the Plaintiffs remains in possession of its assets and is operating its business as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

2. Prior to the Petition Date, the State of Indiana ("Indiana"), by and through its Attorney General, The Honorable Todd Rokita, filed a complaint against defendants, including, but not limited to, Debtors MV Realty of Indiana, LLC, MV Realty Holdings, LLC, MV Realty PBC, LLC (Florida), case styled *Office of the Attorney General, State of Indiana v. MV Realty of Indiana, LLC, et al.*, Case No. CV-01578-MPB-MG (the "Indiana Action"). In the Indiana Action, Indiana seeks various types of relief, including injunctive relief, restitution, penalties, and other equitable relief. The Indiana Action is pending before the United States District Court for the Southern District of Indiana.

3. On October 11, 2023, the Plaintiffs commenced by the above-styled adversary proceeding (the "Adversary Proceeding") by filing an adversary complaint (the "Complaint") against the Defendants, including Indiana, in which the Plaintiffs seek to enjoin the Defendants from the following: (a) taking any actions against property of the estate, within the meaning of 11

2

U.S.C. § 541(a) ("Property of the Estate"), including, without limitation, actions that result in the cancellation, rescission, or modification of any Homeowner Benefit Agreements ("HBAs"), memoranda, mortgages, or any proceeds of the foregoing, pending a final adjudication on the merits (in other words, a final, non-appealable order) on the underlying state actions; (b) seeking to enforce or collect upon any monetary award issued in the underlying actions, even if liquidated by this Court, including, without limitation, any fine, penalty, disgorgement, restitution, or award of attorneys' fees, costs, or investigative costs, outside this Court and directing that the Defendants must file a proof of claim in the above-styled Chapter 11 proceeding in order to be entitled to receive any distribution on account of any such proof of claim; and (c) prohibiting and otherwise enjoining the Defendants from (i) requesting, obtaining, or enforcing rescission of any HBAs, cancellation of any memoranda, mortgage, other recorded notice, or (ii) requesting, obtaining, or enforcing any monetary amount payable to any homeowner or party to a HBA, including, without limitation, by disgorgement, restitution, or money damages.

4. The Parties have been engaged in good-faith settlement negotiations and, as part of such negotiations, agree to the relief requested in this Motion.

## RELIEF REQUESTED

5. The Parties request that the Court enter an order abating the Adversary Proceeding against Indiana.

## BASIS IN SUPPORT OF RELIEF REQUESTED

6. The Parties have been engaged in good-faith settlement negotiations.

7. The Parties believe they are close to finalizing the terms and conditions of a settlement agreement which will resolve the Adversary Proceeding (against Indiana) and the Indiana Action.

3

8.   The Parties wish to abate the Adversary Proceeding (against Indiana) pending the conclusion of negotiations. Indiana will also request that the Indiana Action be stayed. Therefore, the parties wish to avoid the attorneys' fees, costs, and time associated with prosecuting and defending the Adversary Proceeding (against Indiana) and the Indiana Action.

9.   In the event the Parties successfully conclude their negotiations and obtain approval of a settlement agreement, it is likely that the Adversary Proceeding (against Indiana) and the Indiana Action would be dismissed. On the other hand, any order of abatement would be without prejudice to the rights of either of the Parties to request termination, so that the Adversary Proceeding and Indiana Action may resume, in the absence of a final settlement.

10.  "There is no specific federal statute or rule which expressly authorizes a motion to abate." *Hallak v. Allstate Vehicle and Property Ins. Co.*, No. 33, 4:17-cv-00237-O-BP (Dist. N.D. Tex. Aug. 29, 2017) (citing *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010)) (additional citation omitted). "Thus, '[w]hile federal courts have authority to entertain such preliminary motions, the decision to do so is largely a matter of judicial discretion, "which must be exercised in light of the policy against unnecessary dilatory motions."'" Id. (quoting *PJC Bros.,* LLC, at 200 n.2, quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1360 (3d ed. 2004)) (citing 28 U.S.C. § 2105).

11.  Additionally, in *In re Bellucci,* 119 B.R. 763 (Bankr. E.D. Cal. 1990), the bankruptcy court, in staying an adversary proceeding, reasoned that "[a] basic attribute of any court, however humble, is the latitude to control its own docket: 'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id*. at 770. (quoting *Landis v. North America Co*., 299 U.S. 248, 254 (1936)).

12. Finally, under 11 U.S.C. § 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title [Title 11]." *See* 11 U.S.C. § 105(a).

13. Here, the Parties wish to avoid any unnecessary fees and costs in connection with litigation either Adversary Proceeding or the Indiana Action, which includes fees and costs in connection with discovery.

14. The Parties believe the status of their negotiations warrants the relief requested herein.

**WHEREFORE,** the Parties respectfully request that the Court enter an order granting this Motion, which will be conditioned on the abatement of the Indiana Action, and abating the Adversary Proceeding, as it relates to Indiana, as well as granting any other and further relief that the Court may deem just and proper.

Dated: January 19, 2024

                                             **SEESE, P.A.**
Attorneys for Plaintiffs
101 N.E. 3rd Avenue
Suite 1500
Ft. Lauderdale, Florida 33301
Telephone: (954) 745-5897

By:      */s/ Michael D. D. Seese*
        Michael D. Seese, Esq.
        Fla. Bar No. 997323
        mseese@seeselaw.com


TODD ROKITA
Office of the Indiana Attorney General

By*:* */s/ Heather M. Crockett*
Heather M. Crocket Esq.
Atty. No. 26325-22
Deputy Attorney General
Indiana Office of Attorney General
Indiana Government Center South
5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-6524
heather.crockett@atg.in.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been furnished electronically *via* CM/ECF upon all parties entitled to receive electronic notice on the date filed.

                                             */s/ Michael D. Seese*
                                             Michael D. Seese
                                             (FBN 997323)